TQM

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT A. ELLIOTT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 14 CV 9625 |
| | ) | |
| v. | ) | |
| | ) | |
| MISSION TRUST SERVICES, LLC, et al., | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HUGH L. CARAWAY, JR., et al., | ) | |
| | ) | |
| Movants. | ) | |

**ORDER**

Non-Parties Hugh L. Caraway Jr. and Internacional Realty, Inc.'s Motion to Vacate and Reopen the Case for the Limited Purpose of Addressing the Recovery of Attorneys' Fees [66] is denied. Movants' Hugh L. Caraway, Jr. and Internacional Realty, Inc.'s Motion for Attorneys' Fees and Expenses [67] is denied as moot. Mission Parties' Motion to Strike Hugh L. Caraway, Jr.'s and Internacional Realty, Inc.'s Motion for Attorneys' Fees and Expenses as Premature [71] is denied as moot.

**STATEMENT**

Plaintiffs Scott A. Elliott, Ming-Hang Ho, and The Roxana H. Cupples Revocable Inter Vivos Trust (collectively, "Plaintiffs") sued Defendants Mission Trust Services, LLC ("Mission Trust"); Christopher C. Finlay; The Corporation Trust Company; and Michael T. Hosmer (collectively, "Defendants") for declaratory and injunctive relief pertaining to the review and construction of a Delaware Statutory Trust Agreement. Incident to this action, Mission Trust served a subpoena on non-party Movants Hugh L. Caraway, Jr. and Internacional Realty, Inc. (collectively, "Movants"), commanding the production of documents in his possession and his presence at a deposition approximately forty minutes from his residence in La Vernia, Texas.

Movants then filed a motion to quash the subpoena in the United States District Court for the Western District of Texas; case number 14 CV 9625 was assigned to his motion. The Texas district court transferred that motion to the Northern District of Illinois on December 2, 2014, where it was subsequently reassigned to this Court and consolidated with case number 13 CV 7770, the case for which the subpoena was issued, pursuant to Local Rule 40.4.[1] The Court referred Movants'

---

[1] The Court notes that while Movant's counsel moved for admission *pro hac vice* to this District, Movant and his counsel have failed to comply with Local Rule 83.15(a), which requires out-of-District attorneys to designate local counsel.

motion to quash to the assigned magistrate judge, who recommended that the Court quash Mission Trust's subpoena directed at Movants. As part of his recommendation, the magistrate judge also recommended that Movants ask the Court to award them attorneys' fees that they incurred over the course of quashing the subpoena. Mission Trust filed objections to the recommendation. But before the Court could rule on the merits of the objections, Plaintiffs and Defendants settled and dismissed the case underlying the motion to quash on October 1, 2015. As there was no longer a case associated with Movants' motion to quash, the Court denied the motion as moot on November 24, 2015.

Currently before the Court is Movants' motion to vacate the Court's November 24, 2015 Order denying objections to the magistrate judge's recommendation to quash a subpoena, which they timely filed pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1) and 60(b)(6). Also before the Court is Movants' motion for attorneys' fees and Mission Trust's motion to strike Movants' motion. For the following reasons, the motion to vacate is denied. The motion for attorneys' fees and the related motion to strike are denied as moot.

While Rule 59(e) allows parties to move the Court to alter or amend a judgment, the Court has discretion to modify the judgment only when the judgment incorporates a manifest error of law or does not consider new evidence that was unavailable pre-judgment. See Seng-Tiong Ho v. Taflove, 648 F.3d 489, 505 (7th Cir. 2011). Rule 59(e) motions cannot be used to correct earlier procedural errors, rehash old arguments, or advance new legal theories. See United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010). The decision to grant relief under Rule 59(e) is committed to the sound discretion of the Court. In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Similarly, in order for the Court to grant relief under Rule 60(b)(1), there must be a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Mere "errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." Banks v. Chi. Bd. of Educ., 750 F.3d 663, 667 (7th Cir. 2014) (citing Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002)). Moreover, a litigant cannot make a motion to vacate a judgment under paragraph (6) of the Rule if one of the other paragraphs applies. See Wesco Prods. Co. v. Alloy Automotive Co., 880 F.2d 981, 983 (7th Cir. 1989).

Here, Movants do not argue that the settlement entered into between Plaintiffs and Defendants was somehow improper. Rather, they argue that the settlement did not effectively moot their motion to quash the subpoena in the underlying case.

Rule 41(a)(1)(A)(ii) allows the plaintiff to dismiss the case voluntarily if "all parties who have appeared" file a stipulation to dismiss. Once a case has been dismissed voluntarily by the parties, there is simply nothing left for a court to decide. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) ("Voluntary dismissal . . . moots all pending motions," even those attacking the court's subject matter jurisdiction), cited with approval in Kuznar v. Kuznar, 775 F.3d 892, 896 (7th Cir. 2015). And if there is nothing left for a court to decide, there is no longer an actual controversy, and the matter is correctly dismissed as moot. See Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)) ("'[An] actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"). Thus, "[I]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis, 133 S. Ct. at 1528 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)); see also 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533 (3d ed.).

Under the "American Rule," the usual case is for the clients to pay for their attorneys' fees, even if they are successful. See, e.g., Baker Botts L.L:P v. ASARCO LLC, 135 S. Ct. 2158, 2164 (2015) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-53 (2010)) ("'Our

basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'"). Moreover, in this case, Plaintiffs and Defendants previously settled their case, and jointly filed a stipulation to dismiss pursuant to Rule 41(a)(1)(A)(ii). From the time the parties filed their voluntary dismissal, then, there was no longer a controversy between them, and the Court therefore lost the jurisdiction to decide any pending motions—especially a motion to quash a subpoena that pertained to the parties' now-irrelevant discovery.

Here, there are no facts in this dispute to suggest that a statute or contract provides an exception to the American Rule. In addition, because the Court did not adopt the magistrate judge's recommendation to award Movants attorneys' fees, there is no basis for Movants to now ask for such fees at this stage—after the actual parties to the action settled. Accordingly, the Court correctly declined to consider the magistrate's recommendations regarding Movants' motion to quash, and the Court did not commit manifest error that would entitle Movants to relief under Rules 59 or 60. In addition, because the Court is without jurisdiction to decide Movants' motion to quash, the Court denies as moot Movants' motion for fees and Mission Trust's motion to strike.

In sum, the Court has no jurisdiction to hear Movants' motion. For that reason, the Court denies Movants' motion to vacate the Court's order denying as moot Movants' motion to quash. As there is no basis to allow Movants to petition the Court for attorneys' fees, the Court denies as moot Movants' motion for attorneys' fees, and Mission Trust's associated motion to strike. The matter is terminated.

IT IS SO ORDERED.

ENTER:

[signature]

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 15, 2016